UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

* * * * * * * * * * * * * * * * * * * * * * * * * *

In re:                                              CHAPTER 7

    ELSIE M. WEST                          Bkcy. Case No. 17-18357-jkf

           Debtor.                        Hearing Date: 03/21/2018 at 9:30am

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION CONVERT TO A CASE UNDER CHAPTER 13 PURSUANT TO 11 U.S.C.S. § 706(a)

Elsie M. West, respectfully requests an order from this court converting her Chapter 7 case to one under Chapter 13 and in support of this Motion, Debtor avers the following:

1. Debtor filed a voluntary petition under the provision of 11 U.S.C. Chapter 7 on December 12, 2017.

2. After filing, debtor who is of senior age and in poor health realized that she failed to list a joint unsecured debt obligation on her schedules and inadvertently failed to disclose an asset of the bankruptcy estate, specifically, a Disney Resorts Time Share.

3. It is now, after considerable deliberation, Debtor wishes to correct information inadvertently left off of her schedules as well as retain the Disney Resorts Time Share, both of which is best served by converting her case to one under Chapter 13.

4. Due to debtor's poor health and memory loss, counsel for debtor has been advised by debtor to communicate with debtor's adult daughter to confirm that information obtained from debtor is full and complete moving forward.

5. Debtor avers that this case has not been previously converted and that Debtor is eligible for relief under the chapter for which conversion is requested.

6.	There is no harm or prejudice to creditors in light of the foregoing because conversion of said Chapter 7 case to one under Chapter 13 was not done so to disadvantage creditors and was done so under the premise that debtor who is of senior age and in poor health recently realized that she inadvertently failed to disclose all necessary information of the bankruptcy estate.

7.	Debtor assures that upon conversation that all creditors, will receive appropriate treatment under the Code and this Court.

**WHEREFORE**, debtor respectfully asks that the Court grant this motion and for such other relief as is just and proper.

Date: February 12, 2018

    Roach & Leite, LLC

    By: /s/ Robert Leite-Young
    Robert Leite-Young, Esquire
    Attorney for Debtor
    6950 Castor Avenue
    Philadelphia, PA 19149
    (267) 343-5818
    Rleite@rlmfirm.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In re:                                                                    CHAPTER 7

    ELSIE M. WEST                                         Bkcy. Case No. 17-18357-jkf

                  Debtor.                         Hearing Date: 03/21/2018 at 9:30am

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION(S)

Debtors through the undersigned counsel hereby submit this memorandum and argument in support of the within Motion(s).

**I.    ARGUMENT**

Section 706(a) of the Bankruptcy Code (*11 U.S.C.S. § 706(a)*) generally provided that a debtor could convert a case under Chapter 7 (*11 U.S.C.S. §§ 701 et seq.*) to some other chapters including Chapter 13 (*11 U.S.C.S. §§ 1301 et seq.*) "at any time" (if the case had not been converted under one of three specific provisions). Moreover, §706(a) further provided that any waiver of this right to convert a case was "unenforceable."

Debtor originally filed a Chapter 7 case as she was unable to pay medical bills and necessary household obligations. After filing, debtor who is of senior age and in poor health realized that she failed to list a joint unsecured debt obligation on her schedules and inadvertently failed to disclose an asset of the bankruptcy estate, specifically, a Disney Resorts Time Share.

It is now, after considerable deliberation, Debtor wishes to correct information inadvertently left off of her schedules as well as retain the Disney Resorts Time Share, both of which is best served by converting her case to one under Chapter 13.

Due to debtor's poor health and memory loss, counsel for debtor has been advised by debtor to communicate with debtor's adult daughter to confirm that information obtained from debtor is full and complete moving forward. Debtor avers that this case has not been previously converted and that Debtor is eligible for relief under the chapter for which conversion is requested.

Prior to hearing on the matter debtor will have filed the necessary amended schedules and Chapter 13 Plan as required under the Code and now only waits the permission from this Court to proceed under Chapter 13.

## II.    CONCLUSION

As a Court of equity, the Honorable Judge FitzSimon can permit debtor the ability to convert her case to one under Chapter 13 and attempt to hold on to assets which are integral to her maintaining her meager standard of living.

**WHEREFORE**, debtor respectfully asks that the Court grant this motion and for such other relief as is just and proper.

Date: February 12, 2018

    Roach & Leite, LLC

    By: /s/ Robert Leite-Young
    Robert Leite-Young, Esquire
    Attorney for Debtor
    6950 Castor Avenue
    Philadelphia, PA 19149
    (267) 343-5818
    Rleite@rlmfirm.com