## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:

                                      Chapter 13

**ELSIE M. WEST**                    :
                                 :
           Debtor(s)         :         Case No.: 17-18357-jkf

## ORDER

      **A(n) Order Granting the Motion of Santander's for Relief from the Automatic Stay entered on August 29, 2019.**

      **IT IS ORDERED that the Order Granting said Motion is VACATED.**

By the Court,

_____

**Dated:** _____ \_\_\_, _____

Hon. Jean K FitzSimon
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

In re:

**ELSIE M. WEST**

                          Debtor(s)

Chapter 13

Case No.: 17-18357-jkf

## MOTION FOR RECONSIDERATION FROM
## JUDGMENT/ORDER PURSUANT TO FED.R.BANKR.P. 9024

Debtors, request relief from the Court's Order dates August 29, 2019, which granted Secured Creditor Santander Bank's ("Santander") unopposed Motion for Relief from the Automatic Stay. A copy of the Court's Order is attached hereto and made apart hereof as exhibit "A". In support of this Motion, debtor's counsel avers the following:

1. The Debtor, Elsie M. West, filed on December 12, 2017 a Chapter 13 case in the United States Bankruptcy Code for the Eastern District of Pennsylvania under the above case number.

2. The filing of the Petition operated as an Automatic Stay under §362(a) of the U.S. Bankruptcy Code of proceedings.

3. Santander is the alleged holder of a secured claim against the Debtors real property by a first mortgage lien on real estate which is the principal residence of the Debtor located at 1954 Ashley Street, Philadelphia, PA 19138 ("Mortgaged Premises").

5. Debtor's husband Clyde West who is extremely elderly as is the debtor, was subjected to a lengthy hospitalization. Debtor who has considerable health issues herself was oblivious to the fact that monthly payments had not been made and was not able to communicate this to counsel as she was dealing with her husband's hospitalization.

6.      The Mortgaged Premise which is debtor's sole residence is necessary to an effective case as debtor's Plan was confirmed on 12/6/219.

7.      Debtor has remitted all payments in default to the within creditor. For this reason, debtor requests that the Order granting Santander's motion be vacate as there is no longer any arrears.

8.      There is no harm or prejudice to Santander in that debtor has caused the account to become current and no such default exist at this time.

**WHEREFORE,** Debtor respectfully requests the mercy of this Court and asks that your honor indulge her application for relief.

Respectfully,

ROBERT LEITE-YOUNG, ESQ.

Date: 26, 2019

EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | ) | Chapter 13 |
| **ELSIE M. WEST** | ) | Docket No. 17-18357-jkf |
| **Debtor** | ) | |
| | ) | MOTION FOR STAY RELIEF |
| | ) | 1954 Ashley Street, Philadelphia, PA |
| SANTANDER BANK, N.A. | ) | |
| Movant | ) | |
| vs. | ) | **Hearing Date:  August 28, 2019** |
| | ) | **Time:  9:30 a.m.** |
| ELSIE M. WEST and CLYDE E. WEST | ) | **Courtroom: #3** |
| Respondents | ) | |

### ORDER

AND NOW, this ___28th___ day of AUGUST, 2019, Upon consideration of the Motion seeking Stay Relief filed by Santander Bank, N.A. ("Santander Bank"), pursuant to 11 U.S.C. Section 362(d) and 1301(c), any response thereto, and for good cause appearing, it is hereby

ORDERED that the Motion for Stay Relief filed by Santander Bank is hereby GRANTED; and it is further

ORDERED that the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code are hereby terminated with respect to Santander Bank; and it is further

ORDERED that Santander Bank is entitled to proceed with any and all available state court remedies against the real property known as 1954 Ashley Street, Philadelphia, Pennsylvania ("Premises").

~~ORDERED that the provisions of Federal Rule of Bankruptcy Procedure Rule 4001(a)(3) are waived and~~ ~~this Order for relief from stay shall take effect immediately upon its execution.~~

**BY THE COURT:**

_Jean K. FitzSimon_

_____

Jean K. FitzSimon
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:

                                   Chapter 13

**ELSIE M. WEST**            :

                          :

        Debtor(s)   :         Case No.: 17-18357-jkf

                                  :

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION

Debtor through the undersigned counsel hereby submit this memorandum and argument in support of the within Motion(s).

### I.    ARGUMENT

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy cases by Fed. R. Bank. P. 9024, provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect… *Fed. R. Civ. P. 60(b)(1)*.

"As courts of equity, bankruptcy courts "have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *Flores v. United States Tr. (In re Flores)*, BAP No. NM-00-069, 2001 Bankr. LEXIS 521 (U.S. B.A.P. 10th Cir. May 23, 2001). The Third Circuit has acknowledged that Bankruptcy Rule 9024 gives a bankruptcy court "the power to vacate or modify its orders, as long as it is equitable to do so." *In re Frank Montique, Inc.*, No. 97-12086F, 2003 Bankr. LEXIS 2357 (U.S. Bankr. E.D. Pa. Jan. 31, 2003).

In this matter, On or about August 29, 2019, this Honorable Court granted the Motion of Santander bank, N.A. for relief from the Automatic Stay.

Debtor's husband Clyde West who is extremely elderly as is the debtor, was subjected to a lengthy hospitalization. Debtor who has considerable health issues herself was oblivious to the fact that monthly payments had not been made and was not able to communicate this to counsel as she was dealing with her husband's hospitalization. The Mortgaged Premise which is debtor's sole residence is necessary to an effective case as debtor's Plan was confirmed on12/6/219.

Debtor has remitted all payments in default to the within creditor. For this reason, debtor requests that the Order granting Santander's motion be vacate as there is no longer any arrears. There is no harm or prejudice to Santander in that debtor has caused the account to become current and no such default exist at this time.

## II.    CONCLUSION

As a Court of equity, the Honorable Judge can find that debtor's excusable neglect is reasonable, and that debtor has prosecuted her case in a manner consistent with good faith and but for health reasons the within Order would have not been entered.

Date: September 20, 2019

By: _____
Robert Leite-Young, Esquire
Attorney for Debtor
1333 Christian Street
Philadelphia, PA 19147
(267) 388-9989

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:

                                                            Chapter 13

**ELSIE M. WEST**                        :
                                              :
               Debtor(s)              :          Case No.: 17-18357-jkf**:**

## CERTIFICATE OF SERVICE

        I hereby certify that the Trustee, debtors previous counsel and debtor has been served a copy of this Motion by First Class Mail, unless served electronically, at the below address on September 20, 2019.

Thomas A. Capehart, Esquire
Attorney for Santander Bank, N.A.
33 South 7th Street
Po Box 4060
Allentown, PA 18105

Scott A. Waterman, Trustee          United States Trustee
2901 St. Lawrence Avenue          833 Chestnut Street, Ste 500
Reading, PA 19606                  Philadelphia, PA 19107

                                           Respectfully submitted,
                                           s/ Robert Leite-Young
                                           Counsel for Debtor

Dated: September 20, 2019