**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------X
In re:                                              :
                                                    :    CHAPTER 13
**ELSIE M .WEST**                                   :
                                                    :
            Debtor                                  :    CASE NO.: 17-18357
                                                    :
                                                    :
**SANTANDER BANK N.A.**                             :
                                                    :    **11 U.S.C. §362**
            Movant                                  :
    vs.                                             :
                                                    :
**ELSIE M. WEST**                                   :
                                                    :
                                                    :
            Respondent(s)                           :
---------------------------------------------------X

**OBJECTIONS/RESPONSE TO CREDITOR'S MOTION FOR RELIEF**
**FROM STAY PURSUANT TO 11 U.S.C SECTION 362(d)(1)**

Debtor in this matter, by and through the undersigned counsel responds to the instant Motion and states the following grounds therefore:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied as to the total amount owed. Debtor believes that the amount outstanding is significantly less than $1,307.70 claimed by the Movant. Debtor is under the belief that the

outstanding arrearage is significantly less, however, as an elderly debtor she has been unable to determine said amounts without discovery.

8. Admitted. Debtor is thankful for the conditions and requirements of lenders afforded her by law.

9. Denied as to the total amount owed. Debtor believes that the amount outstanding is less than $22,697.19 claimed by the Movant. Debtor is under the belief that the outstanding balance is less, however, as an elderly debtor she has been unable to determine said amounts without discovery.

10 Denied as an unreasonable request and improper. Any lender (not counsel) who would suggest such an action by the Court is simply is not considerate of the current economic and more importantly age of said debtor who is nearly 90 years old.

11. Denied. Movant has not demonstrated in any manner that said averment is true and correct.

12. Debtor has taken all steps required by him under law to this point in this case and is in the process of correcting any payment issues concerning this Mortgage loan. Moreover, Denied as stated. Debtor is making outside payments.

13. Denied. Movant has not demonstrated in any manner that said averment is true and correct.

**WHEREFORE,** Debtors pray that Movant's Motion be denied, and for such other further relief the Court deems just and proper.

Date: October 19, 2020
      Philadelphia, Pennsylvania

                                      /s/ Robert Young
                                      Robert Young, Esquire

Attorney for Debtor
6950 Castor Avenue
Philadelphia, Pa 19149
(267) 565-8127

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------X

| | |
|---|---|
| In re: | : |
| | : CHAPTER 13 |
| **ELSIE M .WEST** | : |
| | : |
| Debtor | : CASE NO.: 17-18357 |
| | : |
| **SANTANDER BANK N.A.** | : |
| | : **11 U.S.C. §362** |
| Movant | : |
| vs. | : |
| | : |
| **ELSIE M. WEST** | : |
| | : |
| | : |
| Respondent(s) | : |

---------------------------------------------------X

**BY WAY OF DEBTOR'S ANSWER TO THE MOTION OF SANTANDER BANK USA'S MOTION FOR RELEIF FROM THE AUTOMATIC STAY DEBTOR RAISES DEFENSES.**

**First Defense**

1.   Sufficient cause does not exist to grant Santander Bank USA's Motion for, relief from the automatic stay which includes, but is not limited to, the following:

2.   Santander Bank USA, has not shown the irreparable harm necessary to justify lifting the stay.

3.   Pursuant to *11 U.S.C Section 361(3)*, with respect to the issue of adequate protection, debtor avers that there is no reasonably foreseeable way that Santander Bank USA's interest in debtor's property can be economically harmed by the continuation of the stay in that the subject properties reflect an equity "cushion". "Many courts have focused on the presence or absence of an equity cushion in determining whether a secured creditor has adequate protection

of his collateral" *See*, *In re Roane, 8 B.R. 997* (Bankr. E.D. Pa. 1981) (court concluded that the mortgagee was not entitled to such a modification of the stay because it has failed to prove that the debtor lacked equity in the property). *See also*, *In re Pitts, 2. B.R. 476* (bankr. C.D. Cal. 1979) (small equity cushion with Court monitoring every few months sufficient to prove adequate protection).

4.  Based upon the record, debtor believes that the subject property enjoys a considerable equity cushion of roughly $120,000.000 based upon Movant's own pleading. Moreover, debtor avers that the subject property will enjoy a considerable appreciation in the future providing that the stay is continued. Debtor intends to apply for loss mitigation options in order to negotiate a loan modification with Movant further evidencing her intention to maintain and protect Movant's financial interest. Even if Movant is entitled to relief from the stay, the stay should not be terminated. This Honorable Court has the ability grant less drastic relief by conditioning or modifying the stay.

**WHEREFORE,** Debtor prays that Movant's Motion be denied, and for such other further relief the Court deems just and proper.

Date: October 19, 2020
Philadelphia, Pennsylvania

/s/ Robert Young
Robert Young, Esquire
Attorney for Debtor
6950 Castor Avenue
Philadelphia, Pa 19149
(267) 565-8127

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------X
In re:                                              :
                                                    :   CHAPTER 13
**ELSIE M .WEST**                                   :
                                                    :
       Debtor                            :   CASE NO.: 17-18357
                                                    :
**SANTANDER BANK N.A.**                             :
                                                    :   **11 U.S.C. §362**
       Movant
vs.                                                 :
                                                    :
**ELSIE M. WEST**                                   :
                                                    :
       Respondent(s)
                                                    :
---------------------------------------------------X

## **CERTIFICATE OF SERVICE**

    I, Robert L. Young, certify that on this October 19, 2020, the following Debtor's Response has been served upon the following parties, at the addresses designated by said parties for that purpose via the Court's ECF electronic filing system to the following parties of record:

Thomas Capehart, Esq  
Gross McGinley, LLP  
33 S. 7th Street,  
Allentown, PA 18105

Office of the United States Trustee  
833 Chestnut Street, Suite 500  
Philadelphia, PA 19107

Trustee Scott M. Waterman, Esq.  
*(electronically)*

/s/ Robert Young  
Robert Young, Esquire  
Attorney for Debtor  
6950 Castor Avenue  
Philadelphia, Pa 19149  
(267) 565-8127

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------X

| | |
|---|---|
| In re: | : |
| | : CHAPTER 13 |
| **ELSIE M .WEST** | : |
| | : |
| Debtor | : CASE NO.: 17-18357 |
| | : |
| **SANTANDER BANK N.A.** | : |
| | : **11 U.S.C. §362** |
| Movant | : |
| vs. | : |
| | : |
| **ELSIE M. WEST** | : |
| | : |
| | : |
| Respondent(s) | : |

---------------------------------------------X

**ORDER DENYING MOVANT MOTION FOR REEIF FROM THE AUTOMATIC STAY**

AND NOW, this_____ day of_____, 20____, upon consideration of Movant's Motion pursuant to 11 U.S.C. §362 and Debtor's Response, it is hereby ORDERED AND DECREED that said Motion is DENIED.

DATED: Philadelphia, Pennsylvania

_____ ____, 2020

_____
Hon. Ashely M. Chan
United States Bankruptcy Judge
Eastern District of Pennsylvania